# EXHIBIT

# A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

YELYZAVETA KARTAVA,

           *Plaintiff*,

-against-

NATIONAL RAILROAD PASSENGER
CORPORATION d/b/a AMTRAK

           *Defendant.*

---

Index No:

**SUMMONS**

**TO THE ABOVE-NAMED DEFENDANTS:**

      **YOU ARE HEREBY SUMMONED,** to answer the Complaint in this action and to serve a copy of your Answer, or if the Complaint is not served with this Summons, to serve a Notice of an Appearance on the Plaintiff's attorneys within twenty (20) days after the service of this Summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated:   New York, New York
           July 3, 2025

                                                    BALLON STOLL P.C.

                                       By:     *s/Vano Haroutunian*
                                                  Vano Haroutunian, Esq.
                                                  *Attorneys for Plaintiff*
                                                  810 Seventh Avenue, Suite. 405
                                                  New York, New York, 10019
                                                  212-575-7900

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
_____

YELYZAVETA KARTAVA,

                      *Plaintiff*,        Index No:

-against-                    **VERIFIED COMPLAINT**

NATIONAL RAILROAD PASSENGER
CORPORATION d/b/a AMTRAK

                      *Defendant.*
_____

        Plaintiff, YELYZAVETA KARTAVA ("Plaintiff" or "Ms. KARTAVA"), by and through her attorneys, Ballon Stoll P.C., complaining of Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK. ("Defendant" or "AMTRAK"), alleges with personal knowledge, unless where upon information and belief is stated, the following:

## JURISDICTION AND VENUE

    1.    This Court has jurisdiction over this action pursuant to CPLR § 301 because the causes of action arose within the State of New York.

    2.    Venue is proper in the State of New York, County of New York pursuant to CPLR § 503(a) because New York County is where the substantial part of the events or omissions giving rise to the causes of action occurred.

## JURY TRIAL DEMAND

    3.    Plaintiff hereby demands a trial by jury on all issues so triable.

## PARTIES

*Plaintiff*

    4.    Plaintiff is an individual who resides in Richmond County, New York.

*Defendant*

5. Upon information and belief, AMTRAK is a Corporation duly incorporated under the laws of the District of Columbia and maintains its principal place of business at Massachusetts Ave., NW, Washington, DC 20001.

6. At all relevant times herein, AMTRAK owned, operated, maintained, and controlled passenger trains and dining car facilities within the State of New York that are the subject of this action.

## RELEVANT FACTS

### I. The Incident

7. On August 27, 2023, at approximately 12:26 p.m., Plaintiff and her friend Natalya Vasylets ("Natalya") boarded an AMTRAK Train (the "Train") travelling from Depew Station, Buffalo, New York to Moynihan Train Hall, New York, New York.

8. At approximately 3:50 p.m., while the Train was in transit Natalya went to the Train's café car, located three cars from where Plaintiff and Natalya were seated, to purchase beverages.

9. Natalya purchased from the Train's café car two hot teas for herself and Plaintiff.

10. The AMTRAK attendant served Natalya two hot teas.

11. The AMTRAK attendant served the hot teas to Natalya without cup sleeves, which are designed to protect customers' hands from the excessive heat of the cups.

12. Natalya requested the AMTRAK attendant provide Natalya with cup sleeves, however the AMTRAK attendant stated that there were none available and failed to provide Natalya with cup sleeves for the hot teas.

2

13. Upon information and belief, the teas were served at an unreasonable and dangerously high temperature.

14. At approximately 4:10 p.m., Natalya returned to her seat carrying both cups of hot tea by the lids, as the cups themselves were extremely hot and impossible to hold in the absence of the cup sleeves.

15. Plaintiff opened her tray table when Natalya returned so that Natalya could set down the hot teas.

16. Prior to Natalya setting down the hot teas, the Train jolted. The jolting of the Train caused the hot cups of tea, which Natalya could not firmly grasp the teas due to the absence of cup sleeves, to knock one of the cups against the corner of the table, to fall out of Natalya's hand and pour the scalding hot tea directly onto Plaintiff's right upper thigh.

17. Plaintiff's skin was directly exposed to scalding hot tea, causing severe burns to Plaintiff's right upper thigh upon contact.

## II. Defendant's Negligent Response

18. Plaintiff went to the restroom immediately following the incident while Natalya sought assistance from AMTRAK's employees.

19. Natalya requested a first aid kit from AMTRAK's employees.

20. AMTRAK's employees informed Natalya that there was no first aid kit or any medical equipment available on the Train.

21. Natalya then went to the Train café and requested ice, which was provided.

22. Plaintiff returned to her seat after visiting the restroom and applied to her burn the ice Natalya obtained.

3

23. From approximately 4:25 p.m. to 5:25 p.m., while AMTRAK failed to provide Plaintiff with any assistance, one female passenger switched seats with Plaintiff so that Plaintiff could sit more comfortably and another passenger provided Plaintiff with aloe cream to help soothe the burn.

24. Plaintiff applied to her burn the aloe cream provided by another passenger, but it did not alleviate her extreme pain.

25. During this time, numerous Amtrak employees passed by and observed Plaintiff in distress, crying, and sitting in her underwear with a severe burn on her right upper thigh, yet none offered any assistance.

26. At approximately 5:30 p.m., Plaintiff went to the Train café to get another batch of ice.

27. The AMTRAK attendant provided Plaintiff with an ice bag, and she sat at the bar for approximately 15 minutes, applying the ice to her burn.

28. Subsequently, the AMTRAK attendant asked Plaintiff to leave the bar as they were closing, without offering any assistance to help her return to her seat.

29. At approximately 6:20 p.m., Plaintiff stopped applying ice to her burn, as she knew from prior medical training that an open wound such as a burn should not be iced for more than an hour.

30. For the remainder of the Train ride, Plaintiff continued to suffer from extreme pain and was deprived of any options for pain relief or medical treatment.

III. **Post-Incident Medical Treatment**

31. At approximately 9:40 p.m., the train arrived at Penn Station, New York, New York.

4

32. Plaintiff and Natalya immediately took a taxicab to nearby Northwell Health GoHealth Urgent Care.

33. At approximately 10:30 p.m., Plaintiff was seen by Linda Aanonsen, a healthcare provider at GoHealth Urgent Care. Ms. Aanonsen was shocked by the severity of Plaintiff's burn.

34. The healthcare provider informed Plaintiff that nearly all of the burned skin had peeled off as a result of applying ice to the wound, revealing a deep burn beneath.

35. Plaintiff was diagnosed with a third-degree burn and prescribed Silvadene, a medication used to treat wound sepsis in second- and third-degree burns, and Percocet for pain relief.

### IV. Plaintiff's Injuries and Damages

36. As a result of the incident, Plaintiff has permanent scarring on her right upper thigh, which, given that Plaintiff is a twenty three-year-old female, causes her significant emotional distress and insecurity about her appearance.

37. As a direct result of this incident, Plaintiff has experienced ongoing difficulty walking and wearing certain clothing.

38. As a direct result of this incident, Plaintiff missed approximately five days of work, resulting in lost wages.

### FIRST CAUSE OF ACTION
### (NEGLIGENCE)

39. Plaintiff hereby repeats, re-alleges, and incorporates each and every allegation contained in the above paragraphs of this Complaint as though fully set forth herein.

40. At all relevant times, Defendant owed Plaintiff, as a paying passenger, a duty to exercise the highest degree of care to ensure her safety while on its Train.

5

41. Defendant, through its agents, servants, and/or employees, breached its duty of care owed to Plaintiff.

42. Defendant's negligent acts and omissions were the direct and proximate cause of Plaintiff's injuries and damages.

43. As a direct and proximate result of Defendant's negligent conduct, Plaintiff has suffered and continues to suffer personal injuries, emotional distress, and lost wages, for which she is entitled to an award of monetary damages and other relief, including, but not limited to, attorneys' fees and expenses.

## SECOND CAUSE OF ACTION
### (Negligent Hiring, Training and Supervision)

44. Plaintiff hereby repeats, re-alleges, and incorporates each and every allegation contained in the above paragraphs of this Complaint as though fully set forth herein.

45. Defendant negligently, carelessly and recklessly failed to properly supervise and train their employees.

46. Defendant and their employees owed a duty to Plaintiff to exercise reasonable care in hiring and training, supervising and retaining its employees and agents, including ensuring that they acted in accordance with applicable laws, regulations, and reasonable standards of conduct.

47. As a direct and proximate result of Defendant's negligence in hiring, training, and supervising its employees, Plaintiff has suffered and continues to suffer personal injuries, emotional distress, and lost wages, for which she is entitled to an award of monetary damages and other relief, including, but not limited to, attorneys' fees and expenses.

## THIRD CAUSE OF ACTION
### (Breach of Common Carrier Duties)

48. Plaintiff hereby repeats, re-alleges, and incorporates each and every allegation contained in the above paragraphs of this Complaint as though fully set forth herein.

49. Defendant is a common carrier engaged in the transportation of passengers for compensation.

50. As a common carrier, Defendant owed Plaintiff the highest degree of care consistent with the practical operation of its business.

51. Defendant breached their duties owed to Plaintiff.

52. As a direct and proximate result of Defendant's negligence in hiring, training, and supervising its employees, Plaintiff has suffered and continues to suffer personal injuries, emotional distress, and lost wages, for which she is entitled to an award of monetary damages and other relief, including, but not limited to, attorneys' fees and expenses.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff request that the Court enter a judgment granting the following relief:

A. Awarding Plaintiff compensatory, punitive, and other damages on the First Cause of Action against Defendant in an amount to be determined at trial;

B. Awarding Plaintiff compensatory, punitive, and other damages on the Second Cause of Action against Defendant in an amount to be determined at trial;

C. Awarding Plaintiff compensatory, punitive, and other damages on the Third Cause of Action against Defendant in an amount to be determined at trial;

D. Awarding the costs and disbursements of this action, including Plaintiff's reasonable attorneys' fees;

E. Awarding pre- and post-judgment interest at the maximum rate permitted by law; and

F. Granting such other and further relief as the Court deems just and proper.

FILED: NEW YORK COUNTY CLERK 07/03/2025 09:30 PM — INDEX NO. 158530/2025
NYSCEF DOC. NO. 1 — RECEIVED NYSCEF: 07/03/2025

Case 1:25-cv-06914-JMF    Document 1-1    Filed 08/21/25    Page 10 of 11

Dated: New York, New York
       July 3, 2025

                            BALLON STOLL P.C.

                          By: *s/Vano Haroutunian*
                              Vano Haroutunian, Esq.
                              *Attorneys for Plaintiff*
                              810 Seventh Avenue, Suite. 405
                              New York, New York, 10019
                              212-575-7900

## VERIFICATION

STATE OF ___New York___ )
                                  ) ss.:
COUNTY OF ___New York___ )

YELYZAVETA KARTAVA, being duly sworn, deposes and says:

1. Deponent is the Plaintiff named in the above captioned action.
2. I have read the foregoing Verified Complaint and know the contents thereof; and the same is true to my own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters, deponent believes them to be true.

_____
YELYZAVETA KARTAVA

Sworn to before me this
__3__ day of July 2025

_____
NOTARY PUBLIC



JANET TEMCHUS
Notary Public - State of New Jersey
Commission # 2417619
My Comm. Expires Feb. 22, 2027

9